869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. HOLLAND; Robert W. Daughenbaugh, Jr., Plaintiffs-Appellants,
v.
John T. WIGGINTON; Vertner L. Taylor; Steve Berry; Al C.
Parke; D.R. Jones; James Grider; Dewey Sowders; Phil
Parker; Phil Webb; Donald Brown; Danny Bottoms; Rodney
Lawrence; Sharon Taylor; D.K. Jackson; Wayne Dunn; Roger
Richardson; Sherry Parker; Bonnie Vaughn; Ed Grace;
Barbara W. Jones, Defendants-Appellees.
 No. 89-5031.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Review of the papers before the court indicates that on August 25, 1988, appellants, both of whom are inmates at the Northpoint Training Center in Burgin, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Kentucky. As the basis of their claim, they maintained that appellees, all of whom were employees of the Kentucky Department of Corrections, were responsible for inadequacies in various living conditions at the Northpoint Training Center. Upon consideration of the complaint, a magistrate for the district court concluded that the case should be transferred to the District Court for the Eastern District of Kentucky as both appellants and the Northpoint Training Center were located within that jurisdiction. After the district court approved that action by order entered December 2, 1988, appellants filed this appeal.
 
 
 3
 Upon consideration of those facts, this court has concluded that the appeal must be dismissed for want of jurisdiction. Specifically, orders directing the transfer of a case to another district are generally interlocutory in nature and are not subject to immediate appeal absent the district court's certification to the contrary pursuant to 28 U.S.C. Sec. 1292(b). In re Dalton, 733 F.2d 710, 714-15 (10th Cir.1984), cert. denied, 469 U.S. 1185 (1985). As the order directing the transfer of the case contains none of the required certifications, the order appealed from is not final and this court therefore lacks jurisdiction.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.